UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| Dorothy Kalthoff,<br><br>Plaintiff,<br><br>-against-<br><br>Equifax Information Services, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Dorothy Kalthoff, by and through counsel, as and for this Complaint against Defendant Equifax Information Services, LLC ("Equifax" or "Bureau"), respectfully sets forth, complains and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1681p et seq.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4. Plaintiff is a resident of the State of New Mexico, County of Bernalillo.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is an Ohio corporation registered to do business in this State.

8. Equifax may be served with process c/o Corporation Service Company, 732 E. Michigan Dr., Suite 500, Hobbs, NM 88240.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates the above allegations as if set forth here.

12. Plaintiff is not exactly certain of the precise timeline of events here and alleges the following to the best of her knowledge and belief.

13. Defendant is reporting Plaintiff as deceased.

14. It appears that at least since sometime in 2024, Defendant has reported Plaintiff as deceased.

15. Plaintiff is unsure, as Defendant may have been reporting Plaintiff as deceased even longer.

16. Plaintiff's Synchrony Bank accounts were being reported by Defendant as if Plaintiff is deceased.

17. Due to this deceased marking, the Bureau was often also showing Plaintiff as not having a credit score.

18. Plaintiff is not deceased.

19. Plaintiff is very much alive.

20. The reporting of her being deceased is inaccurate.

21. Upon information and belief, the Social Security Administration (SSA) provides the Department of Commerce's National Technical Information Service (NTIS) a public file of death information.

22. NTIS distributes the public file of death information, also known as the public Death Master File (DMF), to other agencies and private organizations, including consumer reporting agencies.

23. Upon information and belief, the Bureau has a data exchange agreement with the SSA and/or NTIS to receive updated death information.

24. Upon information and belief, Defendant failed to cross-check the DMF to verify whether Plaintiff was a part of the catalog of social security numbers that belong to deceased individuals.

25. Had the Bureau maintained reasonable procedures it would have realized that Plaintiff is not deceased.

26. Had the Bureau attempted to timely verify if Plaintiff was deceased, it would have realized she was in fact alive.

27. The Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

28. The information described above and published by the Bureau was inaccurate.

29. Despite the falsity and their actual or constructive knowledge thereof, Defendant continued to report false and inaccurate adverse information on the consumer report of the Plaintiff.

30. The Bureau violated 15 U.S.C. § 1681e by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

31. The Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

32. The Bureau continued to furnish credit data which was inaccurate and materially misleading, and the Bureau's reporting of the above-referenced tradeline(s) continued to be inaccurate and materially misleading.

33. The Defendant knew or had reason to know the information was inaccurate.

34. At minimum, the Defendant demonstrated a reckless disregard for the true facts.

35. These actions by the Defendant caused damage to Plaintiff.

36. Non-parties Experian and Trans Union are not reporting Plaintiff a deceased.

Damages

37. As a result of the Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

38. The Defendant's erroneous reporting affected Plaintiff's reputation, creditworthiness, and credit score.

39. Plaintiff suffered damage to her reputation as it falsely appeared as if she was deceased.

40. A deceased person is unable to obtain credit.

41. A deceased person does not have a credit score.

42. This falsity was published to numerous third parties.

43. This negative information reflected poorly upon Plaintiff and is incompatible with the proper and lawful exercise of Plaintiff's financial affairs.

44. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify the Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased (or complete lack of) credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having false information on her credit report, for credit denial, and for having others see the false credit information.

45. At many times during this ordeal, Plaintiff did not have a credit score or credit report.

46. A lack of credit score or report here is because Plaintiff was marked as deceased.

47. Plaintiff was denied funding opportunities due to the Defendant's actions.

48. Due to the Defendant's actions, Plaintiff was unable to secure the necessary credit.

49. Plaintiff was denied credit due in whole or in part to the Defendant's actions.

50. When Plaintiff applied for pre-approval for a credit card from Capital One, she was denied "Based on [her] credit report from one or more of the agencies… applicant is reported as deceased."

51. Plaintiff believes she was further denied credit, or this false information was supplied to others, in whole or in part, due to Defendant's actions.

52. Plaintiff was emotionally distraught and damaged, and had difficulty with sleep.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to the Bureau)

53. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

54. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

55. The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained or furnished concerning the Plaintiff.

56. The Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

57. The failure of the Bureau to comply with the Act include but is not necessarily limited to:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

   c) The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

58. As a result of the conduct, action and inaction of the Bureau, Plaintiff suffered damage as described above.

59. The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

60. In the alternative, the conduct, action, and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

62. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

63. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2);

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  February 18, 2026

                                             */s/ Eliyahu Babad*
By: Eliyahu Babad, Esq.
**STEIN SAKS PLLC**
One University Plaza, Ste 620
Hackensack, NJ 07601
(201) 282-6500 x 121

*Attorneys for Plaintiff*